## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-CR-495-PRW** |
| | ) | |
| **KRISTOPHER HAUSER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SENTENCING MEMORANDUM AND
## REQUEST FOR VARIANCE

Kristopher Hauser, through counsel, Lance B. Phillips, submits this Sentencing Memorandum Request for Variance to address the statutory factors set forth in Title 18 U.S.C. § 3553 (a), as they relate to a fair and just sentence for Mr. Hauser.

## I. FEDERAL SENTENCING GUIDELINES

Post *United States v. Booker*, 125 S. Ct. 738, 757 (2005) the Federal Sentencing Guidelines are now advisory and are one of several factors a Court must considered under Title 18 U.S.C. §3553(a).  18 U.S.C. §3553 (a) directs the Court to impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in 18 U.S.C. §3553 (a)(2) (emphasis added). Under 18 U.S.C §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence".

A correctly calculated Guideline sentencing range is the starting point for any

1

sentencing decision pursuant to *Gall v. United States*, 128 S.Ct. 586 (2007). A Court "may not treat that range as mandatory or presumptive", *Id.* At 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but must treat it as "one factor among several" to be considered in imposing an appropriate sentence under §3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the §3553(a) factors," "make an individualized assessment based on the factors presented," *Id.* At 49-50 and explain how the facts relate to the purposes of sentencing. *Id*. At 53-60; *Pepper v United States*, 131 S.Ct. 1229,1242-43 (2011). The Court's "overreaching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* At 101; *Peppers*, 131 S.Ct. At 1242-43.

## II. REQUESTED SENTENCE

Mr. Hauser asks this court to impose a sentence of 120 months on Count 2 followed by a term of supervised release. This request is a variance from the advisory guideline range in the Presentence Investigation Report (PSR) at paragraph 78. He would further request this sentence run concurrently with Oklahoma County case number CF-2023-2031, for which he is currently serving a thirteen (13) year sentence in the Oklahoma Department of Corrections (DOC). It is submitted Mr. Hauser does not have the ability to pay a fine and would request no fine be imposed. There is mandatory assessments of $100.

Mr. Hauser would submit the requested sentence is "sufficient, **but not greater than necessary**" (emphasis added) to serve the sentencing purposes set out in §3553(a), as will be more fully discussed below.

### III. APPLICATION OF §3553(a) FACTORS TO THE FACTS
### OF THE INSTANT CASE

The following factors must be considered in determining the appropriate sentence:

*The Nature and Circumstances of the Offense and the History and
Characteristics of the Offender*

Title 28 U.S.C. §994(d) directs the United States Sentencing Commission (Commission) to consider whether certain specific offender characteristics "have any relevance to the nature, extent, place of service, or other incidents of an appropriate sentence" and to take them into account only to the extent they are determined to be relevant. The characteristics to be considered are age, education, vocational skills, mental and emotional condition to the extent that such condition mitigates the defendant's culpability or to the extent that such condition is otherwise plainly relevant, physical condition, including drug dependency, previous employment record, family ties and responsibilities, community ties, role in the offense, criminal history, degree of dependence upon criminal activity for a livelihood.

Mr. Hauser is thirty-two (31) years old. He is a lifelong resident of Oklahoma and was primarily raised by his maternal grandmother. He never knew his father, who passed away from a horrific employment accident when he was two (2) and has a "distant" relationship with his mother, who lives in North Carolina. After the death of his father his mother began having mental health issues and became a drug addict. During his late teens, Mr. Hauser's primary caregiver, his grandmother, passed away. At this point in his young

life, with no parental involvement, guidance or support system, he self admits losing all motivation and began to "wander".  At age nineteen (19) he began living "on his own".  The PSR, in the Substance Abuse section (PSR at ¶'s 63-64), confirms it was during these teen years Mr. Hauser began abusing numerous narcotics, including Xanax, Ecstasy and cocaine.  This was on top of his daily use of marijuana, which began at age fourteen (14).

Throughout his adult life he has experienced several periods of homelessness, sleeping on the street or in his car.  Other times, as in this instance, he has been able to sleep in a hotel that others paid for.  He is currently in a relationship with his on again off again girlfriend.

Mr. Hauser's education stopped in the 12th grade in Oklahoma City (PSR ¶69).  He has set a goal for himself of obtaining his General Educational Development (GED) while incarcerated in DOC.  Once he achieves this goal his long-term plan is to work on getting his Commercial Driver's License (CDL) and relocating out of Oklahoma so he can be gainfully employed in the future.  These goals mitigate and decrease any dependence on criminal activity for a livelihood.

Mr. Hauser is in good physical health currently.  However, it is clear he suffered numerous traumatic events during his childhood and teen years. (PSR at ¶'s 52, 55 & 56)  As expected, his current situation causes him depression and anxiety.  It is clear he has self-medicated for many years with illegal substances to attempt to help himself with it.  He has never participated in any sort of treatment or counseling to address this trauma.  He has expressed to counsel as well as the PSR writer he is open and interested in future

treatment. (PSR at ¶61)

      Mr. Hauser's role in the offense is adequately described in **The Offense Conduct** section of the PSR.  It should be noted he is not an Irish Mob member.  He is not affiliated with them in DOC and has never been initiated.  As noted in the PSR he has none of the telltale tattoos associated with prison gang membership (PSR at ¶60).  He was staying at the hotel with the consent of one of the other defendants.  He did not know Z.S. and had never met him before.  He did hold multiple weapons during the incident, but he did not actively participate in placing the machete on the neck area of Z.S..  It terms of overall culpability it is proffered Mr. Hauser is well below that of his co-defendants.

      Mr. Hauser acknowledges his criminal history.  His 2020 case, Oklahoma County case number CF-2020-1597, involved his current girlfriend. Originally his sentence was deferred, a non-conviction, for a period of four (4) years with the first sixty (60 days to do in the Oklahoma County Jail on a plea of no-contest.  This deferred sentence was eventually accelerated to a conviction and he was incarcerated in DOC, running concurrently with a case out of McClain County, CF-2102-235.  His prior criminal history places him as a career offender, adding 6 offense levels and raising his Criminal History category from a V to a VI.

*The Need for the Sentence Imposed to Promote Certain Statutory Objectives*

**To reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense**

      Mr. Hauser timely entered a plea to the Indictment, accepting responsibility for his

crime against the United States and not forcing the government to trial.  He acknowledges his limited role in the offense was still serious.  With counseling, treatment and education it is submitted he can regain a respect for the law.  The requested sentence adequately provides just punishment for the offense given all the factors to be considered.

### To afford adequate deterrence to criminal conduct and protect the public from further crimes of the Defendant

In deciding a proper sentence, the Court should consider the risk of recidivism as well the Defendant's prior criminal history, if any.  Obviously more weight should be given to an incarceration sentence for a defendant who has had serious violations of the law. §3553 (a)(2)(c) requires the Court to consider "the need for the sentence imposed... to protect the public from further crimes of the defendant."

As discussed, Mr.  Hauser is currently serving a thirteen (13) years sentence in DOC, which also requires he serve at least 85%.  Any sentence imposed by this court, running concurrently, will provide adequate deterrence to criminal conduct.  He plans for his future, obtaining his GED and CDL , will also protect the public from further crimes as his goal is to leave behind this life and become a gainfully employed citizen.

### To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Mr. Hauser's goal of obtaining his GED while in the custody of DOC negates the need for any educational training while in BOP.  If there is any carryover on a concurrent sentence he would benefit from vocational training as well as participation in the Residential Drug Abuse Program (RDAP).

6

## IV. CONCLUSION

In *Gall v. United States*, 128 S.Ct. 586,591, (2007), the Court instructed the district court to "consider every convicted person as an individual and every case as unique study in the human failing that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall* at 598.

Mr. Hauser has taken full responsibility for his actions by timely entering a guilty plea. If not classified as a career offender, his Total Offense Level would be 25 and his Criminal History category would be V. This would result in an advisory guideline range of 100-125. One other defendant has been sentenced in this case, to a term of 120 months. The requested sentence is sufficient, **but not greater than necessary**, to comply with the factors set forth in 18 U.S.C. §3553(a).

Respectfully Submitted,

*S/ Lance B. Phillips*
LANCE B. PHILLIPS, OBA# 17120
7 S. Mickey Mantle Dr., suite 377
Oklahoma City, OK 73104
(450) 235-5944 Telephone
lancebp2000@yahoo.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing instrument was delivered via ECF on the 27th day of June, 2025 to:
Stephen Hoch, Assistant United States Attorney.

*S/ Lance B. Phillips*
LANCE B. PHILLIPS